UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| NATAUSHA OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-CV-92 SNLJ |
| | ) | |
| | ) | |
| PREMIER CC, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

Plaintiff brings this lawsuit against her former employer, Premier CC, Inc., and former co-worker Deborah Madison, alleging she was discriminated against in violation of the Missouri Human Rights Act, § 213.010 RSMo. Plaintiff originally filed her petition in the Circuit Court for Scott County, Missouri. Defendants removed to this Court, citing this Court's diversity jurisdiction: plaintiff is a citizen of Missouri; defendant Premier is a citizen of Illinois, and, although defendant Madison is a citizen of Missouri, defendants contend she has been fraudulently joined to defeat diversity jurisdiction. Plaintiff has moved to remand the case back to state court. (#13.)

Diversity jurisdiction, relied upon here by defendants, requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). Under the fraudulent-joinder exception, a plaintiff cannot defeat a defendant's right of removal by joining a defendant who has "no real connection with the controversy." *Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013). "If a plaintiff has no legally viable claim against a putative defendant, that party has no real connection with the controversy." *Id.* That is, where "applicable state precedent

1

precludes the existence of a cause of action against a defendant, joinder is fraudulent.... However, if there is a 'colorable' cause of action — that is, if the state law might impose liability on the resident defendant under the facts alleged — then there is no fraudulent joinder." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003). To determine whether a resident has been fraudulently joined to defeat diversity, a Court may look to materials in the record to determine whether they establish facts supporting claims against the defendant. *Herkenhoff v. Supervalu Stores, Inc.*, 4:13CV1974 SNLJ, 2014 WL 3894642, at *3 (E.D. Mo. Aug. 8, 2014) (citing 13F Charles Alan Wright, Arthur Miller, & Edward Cooper, *Federal Practice and Procedure* § 3641.1 (3d ed. 2009)); *see also Wilkinson v. Shackelford,* 478 F.3d 957, 964 (8th Cir.2007) (noting that relevant inquiry for fraudulent joinder is whether plaintiff might have claim under state law against defendant, not content of pleadings themselves)

Defendants contend that defendant Madison was merely the messenger of a corporate decision to terminate plaintiff's employment. Thus, defendants argue there is no colorable claim against Madison, that she was fraudulently joined to defeat jurisdiction, and that the case should not be remanded.

Plaintiff alleges that defendant Madison was plaintiff's supervisor. Plaintiff states she was hospitalized and underwent surgery on April 26, 2015. Because plaintiff experienced complications, she sought and received permission to work from home between May 8 and July 6, 2015, and then she was medically cleared to return to work at the office on July 6, 2015. However, on July 20, plaintiff was terminated. At first, plaintiff was told she was terminated due to her work performance, but when she disputed that, she was told defendants were exercising their "at-will" right to terminate her. Plaintiff claims she was discriminated against due to her disability (Count I), that

2

she was retaliated against for requesting a reasonable accommodation of working at home (Count II), that she was discriminated against due to her race (Count III), and that she was retaliated against for complaints of disparate treatment due to race prior to her termination (Count IV), all in contravention of the Missouri Human Rights Act.

Although plaintiff does not provide specific facts against defendant Madison in her petition, plaintiff named Deborah Madison as having discriminated against her in her Amended Charge of Discrimination (#13-2), which she attached to her motion to remand. The Amended Charge of Discrimination consists of the document plaintiff filed with the Missouri Commission on Human Rights and Equal Employment Opportunity Commission on January 25, 2016. Specifically, plaintiff asserted in her Charge of Discrimination that she was the only African-American supervisor and the only supervisor who had to work all weekends while Caucasian supervisors were allowed to have one weekend day off. Plaintiff says that when she addressed that concern with defendant Madison, Madison told her to "'deal with it' because that was how it was going to be." (*Id.*) Further, plaintiff asserts in her Charge of Discrimination that she was required to drive to the office in dangerous weather conditions while Caucasian supervisors were not because defendant Madison did not want the Caucasian supervisor driving in those conditions.

Although defendants argue that defendant Madison did not make the alleged discriminatory decisions, the Charge of Discrimination states that Madison was responsible for the decisions to require plaintiff to work unfair hours and in dangerous conditions when Caucasian employees were not. The MHRA extends to "any person acting directly in the interest of the employer. A supervisory employees clearly falls into that category." *Hill v. Ford Motor Co.*, 277 S.W.3d 659, 669 (Mo. banc 2009).

3

The Court holds that plaintiff has set forth facts that support a colorable claim against defendant Madison. As a result, the Court need not reach plaintiff's argument regarding the amount in controversy. However, the Court will not grant plaintiff's request for attorneys' fees (#15). Although plaintiff included statements about defendant Madison's discriminatory acts in the Charge of Discrimination, plaintiff's petition does not include those specific allegations against defendant Madison. The Court cannot say that defendants did not have an "objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Finally, defendant moves to strike (#23) the plaintiff's declaration that she submitted with her reply memorandum. The Court will deny the defendants' motion to strike as moot because the Court relied on the Amended Charge of Discrimination, not the declaration. The Court will, however, grant the defendants' motion to file their surreply (#23).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand (#13) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for attorneys' fees (#15) is **DENIED**.

**IT IS FURTHER ORDERED** that defendants' motion to strike and to file surreply (#23) is **DENIED** in part and **GRANTED** in part.

**IT IS FINALLY ORDERED** that this cause of action, in its entirety, shall be **REMANDED** to the Circuit Court for the Scott County from which it was removed.

Dated this  3rd  day of October, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE